[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 24, 1997, the marriage of the parties was dissolved. The court approved a separation agreement dated July 16, 1997 and incorporated the agreement by reference into the judgment entered on July 24, 1997.
Paragraph 2.5 of the separation agreement provided that the dispute as to who should retain the presently held family membership in the Tokeneke Club Darien, Connecticut would be resolved by binding arbitration. The parties agree that this court would serve as arbitrator.
The court afforded the parties the opportunity to present their positions on the issue. They clearly articulated the reasons for their wanting to continue membership in the club.
Mrs. Lacey offered compelling reasons for continuing membership. The two young children under her supervision can gain much use and enjoyment of the facilities. Mrs. Lacey can also enjoy the benefits offered.
Mr. Lacey acknowledged that his children's interests were important to him, and did not object to the current membership being assigned to the plaintiff. However, it was also important to Mr. Lacey to let the arbitrator know that he was very angry with the plaintiff for the reasons he stated. It is his stated intention to also gain membership in the club.
Mr. Lacey stated the initial membership fee was in excess of $8,000 and would cost him that sum to gain membership for himself. He has requested that the plaintiff be required to pay him that amount.
The family membership in the Tokeneke Club is an asset of the parties. Paragraph 2.5 of the separation agreement provides that the assignment of that asset would be the subject of arbitration. All other financial issues had been resolved by agreement after negotiations between the parties. CT Page 7362
At the hearing before this court, the parties agreed that the club membership be awarded to the plaintiff. In accordance with their agreement the court so ordered. It should be noted that the court would have reached that decision absent the agreement of the parties. The best interests of the minor children was the primary reason for reaching that conclusion.
The court was strongly tempted to order the plaintiff to pay some amount for the defendant's interest in the family membership. It has decided not to do so, because it would exceed the parameters of the provisions of section 2.5 of the separation agreement, and further it would be altering the bargained for agreement without full knowledge of the facts that entered into the agreement.
Defendant shall immediately execute all documents required to turn over the family membership of the Tokeneke Club to the plaintiff. There are no financial obligations assessed against the plaintiff in reference to this transfer.
NOVACK, J.